UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

THOMAS KEMPKES,

                     Plaintiff,

      -against-

MARY C. MARVIN, individually,
GLENN D. BELLITO, individually,
ROBERT J. UNDERHILL, individually,
ANNE W. POORMAN, individually,
WILLIAM H. BARTON, individually,
and the VILLAGE OF BRONXVILLE, N.Y.,

                     Defendants.

-------------------------------------------------------x

**ORIGINAL**

**07 CIV 11351**

07 Civ.    ( )

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff THOMAS KEMPKES, by his attorneys Lovett & Gould, LLP, for his

complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting

from Defendants' conduct as engaged in under color of the laws of the State of New

York, for violations of Plaintiff's rights as guaranteed him by the First Amendment to the

United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

ELECTRONICALLY FILED
DOC #:
DATE FILED:

## THE PARTIES

3. Plaintiff THOMAS KEMPKES is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint, except as otherwise expressly indicated, he was employed as a permanent, tenured Police Officer by the Defendant Village.

4. Defendant VILLAGE OF BRONXVILLE (herein "Village") is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of said State. The Village's duly constituted legislative body, its so-called Board of Trustees (hereinafter "Board"), is comprised of Defendants MARY C. MARVIN, GLENN D. BELLITO, ROBERT J. UNDERHILL, ANNE W. POORMAN, and WILLIAM H. BARTON, each of whom (hereinafter collectively referred to as the "Board") is sued in his/her individual and personal capacities only. Collectively the members of the Board also serve, by reason of their election to the Board, as members of the Village's Board of Police Commissioners. As Commissioners they establish the official policies, customs and practices of the Village Police Department, and have plenary power to discipline sworn members of the Department, in accordance with Section 5711q of the New York State Unconsolidated Laws.

## THE FACTS

5. On February 21, 2007, Plaintiff filed in this Court Kempkes v. Downey, 07 Civ. 01298 (KMK/GAY)(hereinafter "Kempkes I"), alleging First and Fourteenth Amendment claims. A copy of the complaint in that law suit is annexed hereto and made a part hereof.

2

6. On March 13, 2007, Defendants (including each of the individuals named in the instant filing) moved to dismiss the complaint pursuant to FRCP 12.

7. In response Plaintiff served an amended complaint on March 27, 2007.

8. On April 16, 2007, Defendants again moved to dismiss pursuant to FRCP 12.

9. On October 12, 2007, the Hon. George A. Yanthis issued a report and recommendations denying in substantial respect Defendants' motion.

10. Thirty-five days thereafter and on November 19, 2007, Defendants terminated Plaintiff's employment.

11. The termination of Plaintiff's employment was motivated in whole and/or in substantial respect to retaliate against Plaintiff for his having filed Kempkes I.

12. As a result of Defendants' conduct Plaintiff has been forced to suffer: substantial pecuniary losses; retaliation for having engaged in First Amendment protected conduct; public embarrassment; public humiliation; anxiety; emotional upset; and he has otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

14. Under the premises Defendants' retaliatory conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Awarding such punitive damages against the individually named Defendants as the jury may impose,

b. Awarding such compensatory damages against all Defendants as the jury may determine,

c. Awarding as against all Defendants reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      December 17, 2007

LOVETT & GOULD LLP

By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
THOMAS KEMPKES,

                    Plaintiff,

     -against-

BRIAN M. DOWNEY, individually, MARY
C. MARVIN, individually, GLENN D.
BELLITO, individually, ROBERT J.
UNDERHILL, individually, ANNE
W. POORMAN, individually, WILLIAM
H. BARTON, individually, and the
VILLAGE OF BRONXVILLE, N.Y.,

                    Defendants.
------------------------------------------------------x

U.S. DISTRICT COURT
FILED
MAR 2 7 2007
W.R.
S.D. OF N.Y.

07 Civ. 1298 (GAY)

**FIRST AMENDED
COMPLAINT**

**Jury Trial Demanded**

*Amended summons issued*

     Plaintiff THOMAS KEMPKES, by his attorneys Lovett & Gould, LLP, for his

first amended complaint respectfully states:

## NATURE OF THE ACTION

     1. This is an action for compensatory and punitive damages, proximately resulting

from Defendants' conduct as engaged in under color of the laws of the State of New

York, for violations of Plaintiff's rights as guaranteed him by the First and Fourteenth

Amendments to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

     2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff THOMAS KEMPKES is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint he was employed as a permanent, tenured Police Officer by the Defendant Village. As such he has a vested property interest in that position of employment. Since on or about September 6, 2002, and by reason of a job-related injury, Plaintiff has been entitled to and (except as indicated, *infra*), the recipient of pecuniary and related benefits pursuant to Section 207-c of the New York State General Municipal Law. With respect to those benefits Plaintiff also had a vested property interest with respect to which he could not lawfully suffer any deprivation without, as already determined in the Supreme Court, Westchester County [Matter of Kempkes v. Downey, Index #06/14958], first being accorded a pre-deprivation due process hearing.

4. Defendant BRIAN M. DOWNEY (hereinafter "Downey"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Chief of Police of the Defendant Village. As such he had final discretionary decision-making authority with respect to the unilaterally taken actions attributed to him *infra*.

5. Defendant VILLAGE OF BRONXVILLE (herein "Village") is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of said State. The Village's duly constituted legislative body, its so-called Board of Trustees (hereinafter "Board"), is comprised of Defendants MARY C. MARVIN, GLENN D. BELLITO, ROBERT J. UNDERHILL, ANNE W. POORMAN, and WILLIAM H. BARTON, each of whom (hereinafter collectively referred to as the

2

"Board") is sued in his/her individual and personal capacities only. Collectively the members of the Board establish the official policies, customs and practices of the Village, except to the extent that Downey is empowered to do so by reason of his final, discretionary decision-making authority.

## THE FACTS

6. On July 7, 2006, without having accorded Plaintiff a pre-deprivation due process hearing Downey unilaterally revoked, for the reasons set forth *infra,* Plaintiff's 207-c status and terminated his Section 207-c benefits by written notice that Plaintiff was:

> "suspended without pay pending the investigation into potential
>
> disciplinary charges being pursued against [him]. . .related to
>
> [his] failure to remain at home, while injured, on Thursday
>
> July 6, 2006."

The Board, with actual knowledge of that deprivation, has, for the reasons set forth *infra,* approved, condoned and/or ratified it.

7. On or about August 21, 2006, Downey unilaterally preferred against Plaintiff, for the reasons set forth *infra*, disciplinary charges the hearing with respect to which commenced before the Board on December 13, 2006. As a result the Board, with actual knowledge of Downey's preferral of those charges, has, for the reasons set forth *infra*, approved, condoned, and/or ratified his action in doing so.

3

8. In that connection and during Plaintiff's opening statement at the ensuing disciplinary hearing, as made to the Board in the presence of Downey, Plaintiff urged through counsel:

"I think the reason he [Plaintiff] is honored to be charged as he is, is because he is disliked and is being treated differently than others for a number of reasons. One, he has repeatedly expressed his concern over his tenure. . .that the police department is systematically discriminating based on gender.

You don't have, you never had a single female police officer in the history of the Village of Bronxville. He has expressed, repeatedly, his concern that the Village Police Department has a racial bias. You do not have, nor ever had a[n] Hispanic member of the police department. He has repeatedly expressed his concern intradepartmentally about racial bias because for years, you ha[d] one token Black officer and now you have two token Blacks.

He has expressed his concern that the Chief of Police and his immediate [predecessor]. . .have put the public health and safety at risk by sending [Plaintiff] out on patrol in a car where they knew he was disabled and couldn't possibly intercede if somebody were in the act of committing a robbery, or a burglary, or a rape. He expressed concern that that was putting people at risk and other officers at risk. . .He expressed concern that the Chief of Police had provided a bed or a cot for a police Sergeant who was so drugged up on prescription medication that he's allowed to

4

sleep while on desk duty and get paid full salary.

He's expressed concern that the individual involved in [this set of disciplinary charges], Lieutenant Satriale. . .has endangered the welfare of a minor, taking an under-aged youth drinking with him at a local bar.

. . .Another thing about which he expressed concern, would be what is commonly referred to as DWH and DWB. Driving while Hispanic and driving while Black.

The statistics of the police department will overwhelmingly show that lower class Hispanics, lower class Blacks are routinely stopped and summoned [sic.], where White residents of the Village don't get any summons, even if they are stopped.

The same carries through with respect to criminal prosecutions. If you're Black you get prosecuted for less significant things than Whites who happen to be well-connected and wealthy in Bronxville, who are not prosecuted at all."

In fact Downey's revocation of the 207-c benefits and preferral of the disciplinary charges, as well as the Board's subsequent ratification, approval and condonation of same were motivated at least in substantial respect by reason of Plaintiff's pre-revocation and pre-hearing expression of the concerns referenced at the outset of his disciplinary hearing.

9. By way of follow-up to his defense attorney's remarks, on December 21, 2006, Plaintiff wrote to the Village's Mayor and each of the Village's Trustees advising:

5

"Re: <u>Systemic discrimination by the Village</u>

Dear Mayor Marvin:

Although I am employed by the Village of Bronxville as a police officer, I am writing to you exclusively in my capacity as a concerned and knowledgeable citizen.

The Village's Police Department, under the leadership of Chief Downey, does not have among its sworn members a single female officer.

Under Chief Downey's stewardship the Police Department has managed to avoid hiring any person of Hispanic ethnicity.

Under the Chief's administration there are but two African-American officers in the Department.

Historically there has never been a female Police Officer and/or an Hispanic Police Officer employed by the Village. Historically there was for years only one, token African-American Police Officer.

It is my opinion, based upon personal observation, that our limited police resources are used to detain/prosecute Hispanics and African-Americans for what is commonly referred to as "DWB" and "DWH". Caucasian motorists are not similarly treated.

Since it is nearly 2007 I propose that the Village, acting through its very capable administration, hurtle into the twenty-first century and begin providing Equal Protection to all persons regardless of gender, ethnicity, national origin and/or skin color.

Allow, for purposes of change, the rights guaranteed by reason of the

6

First and Fourteenth Amendments to the United States Constitution to

apply to all persons within the Village - - not just the Caucasian

constituents who voted you into office on a temporary basis.

Kindly make this correspondence part of the Village Board's official

record at its upcoming public meeting. I trust that you will find that the

vast majority of the Village's residents do not believe that maintaining

systemic and pervasive discriminatory practices is wise."

10. As a proximate result of Plaintiff's reiteration of his concerns both at the

commencement of the disciplinary hearing and thereafter, as referenced in the preceding

paragraphs "8" and "9", *supra*, Downey retaliated against Plaintiff and thus with respect

to the pay period ending February 2, 2007, and continuing to date unilaterally reduced

Plaintiff's net bi-weekly salary (with respect to which Plaintiff had a vested property

right) by approximately $570. The Board, by reason of the service upon the Village of

Plaintiff's original complaint herein, with actual knowledge of that retaliatory action, has

approved, condoned and/or ratified it.

11. Also as a proximate result of Plaintiff's reiteration of his said concerns both at

the commencement of the disciplinary hearing and thereafter, Defendants have further

retaliated against Plaintiff by denying him health insurance coverage for his spouse - - to

whom he was married subsequent to December 13, 2006.

12. Under the premises Defendants' conduct and/or retaliatory conduct has caused

Plaintiff to suffer: pecuniary losses and benefits; a loss of Section 207-c benefits; public

humiliation; public embarrassment; emotional upset; anxiety; punishment for the exercise

of his rights to free speech and to petition government for the redress of grievances; and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

14. Under the premises Defendants' retaliatory reduction in Plaintiff's net bi-weekly salary violated his rights as guaranteed by the First Amendment to the United States Constitution.

## AS AND FOR A SECOND CLAIM

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

16. Plaintiff's disciplinary proceeding was instituted, approved, and/or prosecuted by Defendants despite the Board and Downey's actual knowledge that with absolute impunity:

       i) Sworn members of the Village's Police Department routinely and in violation of federal law enforce racially discriminatory practices concerning "DWB" and "DWH";

      ii) Criminal prosecutions instituted by sworn members of the Police Department impermissibly target, by selective prosecution, lower income Blacks and Hispanics on the basis of race and/or ethnicity;

    iii) Lt. Satriale has committed the crime of Endangering the Welfare of a

8

Minor;

iv) Downey has knowingly fostered an unlawful gender discriminatory

practice, violative of federal law, of excluding females from sworn

positions in the Police Department;

v) Downey has knowingly fostered an illegal racial/ethnic practice,

violative of federal law, of excluding Hispanics from sworn positions in

the Police Department

v) Downey has maintained a departmental policy, violative of federal law,

of permitting only token representation amongst sworn officers by

reason of race, and;

vi) Downey has provided a cot for an on-duty police Sergeant assigned to

desk so that because of that superior officer's impairment resulting

from his ingestion of certain prescription medications he can sleep

while on duty, ignore his job duties, and receive full pay without

performing law enforcement services.

17. Under the premises Defendants' institution and/or prosecution of the subject

disciplinary charges against Plaintiff constitutes a selective prosecution and/or otherwise

violates Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment

to the United States Constitution, 42 U.S.C. §1983.


## AS AND FOR A THIRD CLAIM

18. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "12", inclusive.

9

19. Under the premises Defendants' retaliatory prosecution of Plaintiff with respect to the subject disciplinary proceeding violates Plaintiff's rights a guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

21. Under the premises Defendants retaliatory deprivation of Plaintiff's entitlements under Section 207-c of the New York State General Municipal Law violated his rights as guaranteed by reason of the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CLAIM

22. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

23. Under the premises Defendants' retaliatory denial of health insurance coverage to Plaintiff for the benefit of his spouse violated Plaintiff's rights as guaranteed by reason of the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding on the First, Second, Third, Fourth and Fifth Claims as against the individually named Defendants such punitive damages as the jury may impose,

b.  Awarding on the First, Second, Third , Fourth and Fifth Claims as

against all Defendants such compensatory damages as the jury may

determine,

c.  Awarding as against all Defendants reasonable attorney's fees and

costs, and,

d.  Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, N.Y.
      March 26, 2007

LOVETT & GOULD, LLP
By: _____
      Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

11