# BOND, SCHOENECK & KING, PLLC

ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

HOWARD M. MILLER
Direct: 516-267-6318
HMiller@bsk.com

January 11, 2008

**MEMO ENDORSED**

**FEDERAL EXPRESS OVERNIGHT**

Honorable Kenneth M. Karas
United States District Court Judge
United States Courthouse Room 630
300 Quarropas Street
White Plains, New York  10601

| USDS SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: _____ |

Re:    *Thomas Kempkes v. Mary C. Marvin, et al., 07-CV-7520 (KMK)(GAY)*

Dear Judge Karas :

We represent the Defendants, Mary C. Marvin, Glenn D. Bellito, Robert J. Underhill, Anne W. Poorman, William H. Barton (collectively referred to as the "Individual Defendants"), and the Village of Bronxville ("Village"), in the above referenced matter. In accordance with your individual rules of practice, we respectfully request that a pre-motion conference be scheduled so that the Defendants may seek permission to file a pre-answer motion to dismiss the complaint.

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court made it clear that in order to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." -- U.S. --, 127 S. Ct. 1955, 1974 (May 21, 2007). The Court further held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65. The complaint filed in this action purports to assert a claim under 42 U.S.C. § 1983 for alleged First Amendment retaliation. However, because the complaint is bereft of allegations that could feasibly give rise to any plausible claim upon which relief may be granted, it must be dismissed.

The sole allegation made in this complaint is that Defendants terminated Plaintiff's employment as a police officer with the Village in retaliation for Plaintiff's filing of a related action -- *Kempkes v. Downey, et al.*, 07-CV-1298 (KMK)(GAY) (referred to herein as "*Kempkes I*") – currently pending before this Court. The complaint unbecomingly fails to allege, however, that Plaintiff was terminated only after disciplinary charges were preferred against him, a complete hearing on those charges was held, and that Plaintiff was found guilty of substantially all of the charged

58920.1 1/11/2008

Honorable Kenneth M. Karas
January 11, 2008
Page 2

misconduct in a 26 page reasoned decision.[1] The complaint also conspicuously omits any mention of the fact that Plaintiff alleged those very charges and hearing served as a basis for First Amendment retaliation claims in *Kempkes I*, and that Magistrate George A. Yanthis these claims and held Plaintiff was *not* retaliated against with regard to the disciplinary charges or hearing held thereon. Since the charges themselves were *not* retaliatory, it is not plausible that the ultimate disposition of those same charges was retaliation. If the opposite were true, any time disciplinary charges are brought, the charged party could simply manufacture for himself a cause of action for retaliation by filing a lawsuit in federal court while the charges are still pending that could be later be relied upon in the event that he is subsequently found guilty of and penalized for the charged, now proven misconduct.

The current complaint must also be dismissed as against the Individual Defendants because the it fails to allege how each was personally involved in the deprivation of Plaintiff's federally protected rights. *Capone v. Patchogue-Medford Union Free Sch. Dist.*, 2006 U.S. Dist. LEXIS 96016, *10-11 (E.D.N.Y. 2006) ("Plaintiff has failed to sufficiently allege any individual Defendant's specific involvement in any constitutional violation. The Second Amended Complaint plainly alleges that the Board's vote to terminate Plaintiff was 4-3. Plaintiff does not specify which Board Members voted to terminate him, or otherwise allege that any individual Defendant acted with a discriminatory motive."); *McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d 385, 397-398 (S.D.N.Y. 2005) (dismissing §1983 claim against two individually named defendants because complaint failed to allege the "personal involvement" of those defendants in the deprivation of the plaintiff's constitutional rights).

Nonetheless, although not specifically alleged, it appears that the Individual Defendants are being sued because each voted to find Plaintiff guilty of the charges preferred against him and that termination was the only appropriate penalty for his proven misconduct. Such cannot serve as the basis for any viable claim herein, however, as each of the Individual Defendants is protected by the doctrine of absolute immunity. *See, e.g., Capone*, 2006 U.S. Dist. LEXIS 96016 at *11 (individual board members "are entitled to absolute immunity for their respective roles in prosecuting, and participating in the decision to terminate Plaintiff" following a disciplinary proceeding); *Verbeek v. Teller*, 158 F. Supp. 2d 267, 282 (E.D.N.Y. 2001) (same); *Sangirardi v. Village of Stickney*, 1999 WL 1045223, *2-3 (N.D. Ill. 1999) (same); *Appelwhite v. Briber*, No. 03-0494C, slip op. at *6-9 (W.D.N.Y. Mar. 21, 2006) (members of licensing committee absolutely immune for actions taken in revoking physician's medical license following a medical professional misconduct proceeding); *Gomes v. Univ. of Maine System*, 365 F. Supp. 2d 6, 42 (D.

---

[1] The Court may take judicial notice of and properly consider the record of the disciplinary proceeding on the charges preferred against the Plaintiff. *Colandrea v. Town of Orangetown*, 490 F. Supp. 2d 342, 348 (S.D.N.Y. 2007) (on a 12(b)(6) motion "the Court may take judicial notice of this record of this disciplinary hearing" held against a police officer); *Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273, 276 (S.D.N.Y. 2002) (taking judicial notice of transcript from disciplinary hearing brought pursuant to section 75 of the New York State Civil Service Law and a report of the Impartial Hearing Officer that resulted from the hearing).

Honorable Kenneth M. Karas
January 11, 2008
Page 3

Me. 2005) (members of Student Conduct Code Committee "'absolutely immune' from personal civil liability" for conduct related to student disciplinary proceeding).

Finally, the complaint herein fails to allege any cognizable claim for First Amendment retaliation. It is axiomatic that before an individual can be retaliated against for having engaged in First Amendment activity, that individual must have actually engaged in activity protected by the First Amendment. *See, e.g., Diesel v. Town of Lewisboro*, 232 F.3d 92, 107 (2d Cir. 2000) (setting out the elements of a First Amendment retaliation claim, the first being "that the speech at issue was protected"). If, as is the case here, a First Amendment retaliation claim is based on a prior lawsuit, that lawsuit must have touched upon a matter of public concern to subsequently raise an actionable retaliation claim. *See Cobb v. Pozzi*, 363 F.3d 89 105-06 (2d Cir. 2003). Inasmuch as the current complaint alleges Plaintiff was retaliated against for filing *Kempkes I*, it effectively concedes his claim since Plaintiff was not speaking on a matter of public concern when he filed that lawsuit. *See Baker v. Mecklenburg County*, 853 F. Supp 889 (W.D.N.C. 1994) ("Plaintiff's [prior] lawsuit was not a protected act of expression since it was essentially brought by him as an employee seeking to protect his rights as an employee, not as a citizen vindicating the interest of his fellow citizens. Therefore, any retaliation for that lawsuit was not retaliation prohibited by the First Amendment's protection of free expression."). Rather, *Kempkes I* and the alleged factual bases upon which it is lies (*i.e.*, revocation of his disability benefits, preferral of disciplinary charges against him, a reduction in his salary, and a denial of health benefits to his spouse) merely amount to Plaintiff's airing of his own particularized, private grievances regarding his employment with the Bronxville Police Department. *See Bates v. Bigger*, 192 F. Supp. 2d 160 (S.D.N.Y. 2002) (holding employees' complaints involving "personal grievances relating to their own employment interests" were not matters of public concern). Thus, in filing *Kempkes I*, Plaintiff did not engage in activity protected by the First Amendment, and, consequently, the current complaint must be dismissed. *See, e.g., Casucci v. Faughnan*, 2004 U.S. App. LEXIS 18835, *4-5 (2d Cir. 2004); *Baker v. Mecklenburg County*, 853 F. Supp. 889 (W.D.N.C. 1994).

In light of the foregoing, Defendants respectfully request that a pre-motion conference be scheduled at the Court's earliest convenience. We also respectfully ask that Defendants' time to answer be stayed pending the conference. Thank you for your attention to this matter.

BOND, SCHOENECK & KING, PLLC

Howard M. Miller

HMM/jcs

cc:    Jonathan Lovett, Esq.

*The Court will hold a pre-motion conference on February 2c, 2008, at 12:00. Plaintiff is to respond to this letter by February 10, 2008.*

SO ORDERED

KENNETH M. KARAS U.S.D.J.
1/24/08

58920.1 1/11/2008