UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THOMAS KEMPKES,

                        Plaintiff,

        -against-

MARY C. MARVIN, individually,
GLENN D. BELLITO, individually,
ROBERT J. UNDERHILL, individually,
ANNE W. POORMAN, individually,
WILLIAM H. BARTON, individually,
and the VILLAGE OF BRONXVILLE, N.Y.,

                    Defendants.
-------------------------------------------------------x

**RECEIVED**
MAR 1 2 2008
USDC-WP-SDNY

**FIRST AMENDED
COMPLAINT**

**Jury Trial Demanded**

       Plaintiff THOMAS KEMPKES, by his attorneys Lovett & Gould, LLP, for his

complaint respectfully states:

## NATURE OF THE ACTION

       1. This is an action for compensatory and punitive damages, proximately resulting

from Defendants' conduct as engaged in under color of the laws of the State of New

York, for violations of Plaintiff's rights as guaranteed him by the First Amendment to the

United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

       2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiff THOMAS KEMPKES is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint, except as otherwise expressly indicated, he was employed as a permanent, tenured Police Officer by the Defendant Village.

4. Defendant VILLAGE OF BRONXVILLE (herein "Village") is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of said State. The Village's duly constituted legislative body, its so-called Board of Trustees (hereinafter "Board"), is comprised of Defendants MARY C. MARVIN, GLENN D. BELLITO, ROBERT J. UNDERHILL, ANNE W. POORMAN, and WILLIAM H. BARTON, each of whom (hereinafter collectively referred to as the "Board") is sued in his/her individual and personal capacities only. Collectively the members of the Board also serve, by reason of their election to the Board, as members of the Village's Board of Police Commissioners. As Commissioners they establish the official policies, customs and practices of the Village Police Department, and have plenary power to discipline sworn members of the Department, in accordance with Section 5711q of the New York State Unconsolidated Laws.

## THE FACTS

5. On February 21, 2007, Plaintiff filed in this Court Kempkes v. Downey, 07 Civ. 01298 (KMK/GAY)(hereinafter "Kempkes I"), alleging First and Fourteenth Amendment claims. A copy of the complaint in that law suit is annexed hereto and made a part hereof.

6. On March 13, 2007, Defendants (including each of the individuals named in the instant filing) moved to dismiss the complaint pursuant to FRCP 12.

7. In response Plaintiff served an amended complaint on March 27, 2007.

8. On April 16, 2007, Defendants again moved to dismiss pursuant to FRCP 12.

9. On October 12, 2007, the Hon. George A. Yanthis issued a report and recommendations denying in substantial respect Defendants' motion.

10. Thirty-five days thereafter and on November 19, 2007, Defendants terminated Plaintiff's employment by a final administrative determination that was approved and signed by Defendants Mary Marvin, Anne Poorman, Glen Bellitto, Robert Underhill and William Barton. The signature page ("26") of that determination is also annexed hereto and made a part hereof.

11. The termination of Plaintiff's employment was motivated in whole and/or in substantial respect to retaliate against Plaintiff for his having filed <u>Kempkes I</u>.

12. As a result of Defendants' conduct Plaintiff has been forced to suffer: substantial pecuniary losses; retaliation for having engaged in First Amendment protected conduct; public embarrassment; public humiliation; anxiety; emotional upset; and he has otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

3

14. Under the premises Defendants' retaliatory conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

    a. Awarding such punitive damages against the individually named Defendants as the jury may impose,

    b. Awarding such compensatory damages against all Defendants as the jury may determine,

    c. Awarding as against all Defendants reasonable attorney's fees and costs, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      March 12, 2008

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

THOMAS KEMPKES,

                    Plaintiff,

        -against-

BRIAN M. DOWNEY, individually, and
the VILLAGE OF BRONXVILLE, N.Y.,

                    Defendants.

-------------------------------------------------------------x



ORIGINAL

**07 CIV. 1298**

07 Civ. ( )

**COMPLAINT**    **WP4**

**Jury Trial Demanded**

FILED
U.S. DISTRICT COURT
S.D. OF N.Y. W.P.
2007 FEB 23  P 12: 10

      Plaintiff THOMAS KEMPKES, by his attorneys Lovett & Gould, LLP, for his

complaint respectfully states:

### NATURE OF THE ACTION

      1. This is an action for compensatory and punitive damages, proximately resulting

from Defendants' conduct as engaged in under color of the laws of the State of New

York, for violations of Plaintiff's rights as guaranteed him by the First and Fourteenth

Amendments to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

      2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff THOMAS KEMPKES is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint he was employed as a permanent, tenured Police Officer by the Defendant Village. As such he has a vested property interest in that position of employment. Since on or about September 6, 2002, and by reason of a job-related injury, Plaintiff has been the recipient of benefits pursuant to Section 207-c of the New York State General Municipal Law. With respect to those benefits Plaintiff also had a vested property interest with respect to which he could not suffer any deprivation without first being accorded a pre-deprivation Due Process hearing.

4. Defendant BRIAN M. DOWNEY (hereinafter "Downey"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Chief of Police of the Defendant Village.

5. Defendant VILLAGE OF BRONXVILLE (herein "Village") is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

6. On July 7, 2006, without having accorded Plaintiff a pre-deprivation Due Process hearing Defendants unilaterally revoked Plaintiff's 207-c status and terminated his Section 207-c benefits by written notice that Plaintiff was:

> "suspended without pay pending the investigation into potential
> disciplinary charges being pursued against [him]. . .related to

2

[his] failure to remain at home, while injured, on Thursday

July 6, 2006."

7. On or about August 21, 2006, Downey preferred against Plaintiff disciplinary

charges the hearing with respect to which commenced on December 13, 2006.

8. In that connection and during Plaintiff's opening statement at the hearing he

urged, through counsel:

"I think the reason he [Plaintiff] is honored to be charged as he is,

is because he is disliked and is being treated differently than others for

a number of reasons. One, he has repeatedly expressed his concern over

his tenure. . .that the police department is systematically discriminating

based on gender.

You don't have, you never had a single female police officer in the

history of the Village of Bronxville. He has expressed, repeatedly, his

concern that the Village Police Department has a racial bias. You do not

have, nor ever had a[n] Hispanic member of the police department. He

has repeatedly expressed his concern intradepartmentally about

racial bias because for years, you ha[d] one token black officer and now

you have two token Blacks.

He has expressed his concern that the Chief of Police and his

immediate [predecessor]. . .have put the public health and safety at risk by

sending [Plaintiff] out on patrol in a car where they knew he was disabled

and couldn't possibly intercede if somebody were in the act of committing

a robbery, or a burglary, or a rape. He expressed concern that that was

3

putting people at risk and other officers at risk. . .He expressed concern that the Chief of Police had provided a bed or a cot for a police Sergeant who was so drugged up on prescription medication that he's allowed to sleep while on desk duty and get paid full salary.

He's expressed concern that the individual involved in [this set of disciplinary charges], Lieutenant Satriale. . .has endangered the welfare of a minor, taking an under-aged youth drinking with him at a local bar.

. . .Another thing about which he expressed concern, would be what is commonly referred to as DWH and DWB. Driving while Hispanic and driving while Black.

The statistics of the police department will overwhelmingly show that lower class Hispanics, lower class Blacks are routinely stopped and summoned [*sic.*], where White residents of the Village don't get any summons, even if they are stopped.

The same carries through with respect to criminal prosecutions. If you're Black you get prosecuted for less significant things than Whites who happen to be well-connected and wealthy in Bronxville, who are not prosecuted at all."

9. By way of follow-up to his defense attorney's remarks, on December 21, 2006, Plaintiff wrote to the Village's Mayor and each of the Village's Trustees advising:

"Re: Systemic discrimination by the Village

Dear Mayor Marvin:

Although I am employed by the Village of Bronxville as a police officer, I am writing to you exclusively in my capacity as a concerned and knowledgeable citizen.

The Village's Police Department, under the leadership of Chief Downey, does not have among its sworn members a single female officer.

Under Chief Downey's stewardship the Police Department has managed to avoid hiring any person of Hispanic ethnicity.

Under the Chief's administration there are but two African-American officers in the Department.

Historically there has never been a female Police Officer and/or an Hispanic Police Officer employed by the Village. Historically there was for years only one, token African-American Police Officer.

It is my opinion, based upon personal observation, that our limited police resources are used to detain/prosecute Hispanics and African-Americans for what is commonly referred to as "DWB" and "DWH". Caucasian motorists are not similarly treated.

Since it is nearly 2007 I propose that the Village, acting through its very

5

capable administration, hurtle into the twenty-first century and begin providing Equal Protection to all persons regardless of gender, ethnicity, national origin and/or skin color.

Allow, for purposes of change, the rights guaranteed by reason of the First and Fourteenth Amendments to the United States Constitution to apply to all persons within the Village - - not just the Caucasian constituents who voted you into office on a temporary basis.

Kindly make this correspondence part of the Village Board's official record at its upcoming public meeting. I trust that you will find that the vast majority of the Village's residents do not believe that maintaining systemic and pervasive discriminatory practices is wise."

10. As a proximate result of Plaintiff's expression of concerns, as referenced in the preceding paragraphs "8" and "9", *supra*, Defendants retaliated against Plaintiff and with respect to the pay period ending February 2, 2007, unilaterally reduced Plaintiff's net bi-weekly salary by approximately $570.

11. Under the premises Defendant's conduct and/or retaliatory conduct has caused Plaintiff to suffer: pecuniary losses; a loss of Section 207-c benefits; public humiliation; public embarrassment; emotional upset; anxiety; punishment for the exercise of his rights to free speech and to petition government for the redress of grievances; multiple property

deprivations without benefit of a mandatory pre-deprivation hearing; and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

12. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

13. Under the premises Defendants July 2006 termination of Plaintiff's Section 207-c benefits violated his right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

15. Under the premises Defendants' January/February 2007 punitive reduction of Plaintiff's net bi-weekly salary violated his right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

7

17. Under the premises Defendants' retaliatory reduction in Plaintiff's net bi-weekly salary violated his rights as guaranteed by the First Amendment to the United States Constitution.

## AS AND FOR A FOURTH CLAIM

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

19. Under the premises Defendants' institution and/or prosecution of the subject disciplinary charges constitutes a selective prosecution and/or otherwise violates Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a.  Awarding on the First, Second, Third and Fourth Claims as against Downey such punitive damages as the jury may impose,

    b.  Awarding on the First, Second, Third and Fourth Claims as against both Defendants such compensatory damages as the jury may determine,

    c.  Awarding as against both Defendants reasonable attorney's fees and costs, and,

    d.  Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, N.Y.
       February 20, 2007

                     LOVETT & GOULD, LLP
                     By:_____
                         Jonathan Lovett (4854)
                     Attorneys for Plaintiff
                     222 Bloomingdale Road
                     White Plains, N.Y. 10605
                     914-428-8401

## RESOLUTION

The foregoing constitutes the Decision and imposition of Penalty with respect to the ~st 21, 2006 disciplinary charges preferred against Police Officer Thomas Kempkes by ~ Village Board of the Village of Bronxville sitting as the Village Board of Police Commissioners.

DATED:  November _19_, 2007

SO RESOLVED:

_Mary Marvin_
Mayor Mary Marvin

_Anne W Poorman_
Member Anne Poorman

_Glenn Bellitto_
Member Glenn Bellitto

_Robert Underhill_
Member Robert Underhill

_William Barton_
Member William Barton

26