UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
THOMAS KEMPKES,

|  |  |
|---|---|
| Plaintiff, | 07 Civ. 11351(KMK) |

-against-

MARY C. MARVIN, individually,
ROBERT J. UNDERHILL, individually,
ANNE W. POORMAN, individually,
WILLIAM H. BARTON, individually,
and the VILLAGE OF BRONXVILLE, N.Y.,

**AFFIRMATION IN
OPPOSITION TO
DEFENDANT'S MOTION
TO DISMISS**

Defendants.
-----------------------------------------------------x

DRITA NICAJ, an attorney duly admitted to this Court and the Courts of the State of

New York, hereby affirms under penalty of perjury that the following statement is true:

1.      I am counsel to Plaintiff and submit this affirmation in opposition to Defendants'

Motion to Dismiss.

2.      Annexed hereto as Exhibit 1 are copies of the relevant pages of the disciplinary

hearing dated January 4, 2007.

3.      Annexed hereto as Exhibit 2 are copies of the relevant pages of the disciplinary

hearing dated January 10, 2007.

4.      Annexed hereto as Exhibit 3 are copies of the affidavits of service of the amended

summons and complaint in Kempkes v. Downey, 07 Civ 1298.

5.      Annexed hereto as Exhibit 4 is a copy of the Answer, Reservation of Rights and

Demand for a Public Hearing in In the Matter of Disciplinary Proceedings against Police Officer

Thomas Kempkes.

6.     For the reasons set forth in Plaintiff's accompanying memorandum of law, it is submitted that Defendants' motion should in all respects, be denied.


Dated: White Plains,  New York
       July 18, 2008

_____
       Drita Nicaj

**EXHIBIT 1**

VILLAGE OF BRONXVILLE
BOARD OF POLICE COMMISSIONERS
------------------------------------------x
IN THE MATTER OF DISCIPLINARY CHARGES
DATED AUGUST 21, 2006,


-preferred against-


POLICE OFFICER THOMAS KEMPKES,
------------------------------------------x
                        Bronxville Library
                        Yeager Community Room
                        January 4, 2007
                        6:30 p.m.



D I S C I P L I N A R Y    H E A R I N G



CARBONE & ASSOCIATES, LTD.

Melissa Sasso

111 North Central Park Avenue

Hartsdale, New York  10530

(914) 684-0201



1           MR. LOVETT: Well, I'll tell you

2     what, I don't see what the point of that

3     statement is, but the Lieutenant was

4     subpoenaed by me.

5           MR. O'NEIL: He was not subpoenaed.

6           MR. LOVETT: Please, excuse me. I'm

7     talking.  Let him disregard my subpoena

8     and we will fight it out in Supreme Court

9     where I can have him held in contempt. If

10    you want to play that smart ass game that

11    is fine.  It's his reputation at stake.

12          MR. O'REILLY: We have your comment

13    on the record. We will deal with that when

14    we get to that point.

15          MR. LOVETT: Fine.

16          MR. O'REILLY: Do you have any

17    questions, Mr. O'Neil?

18          MR. O'NEIL: Just a few.

19 REDIRECT EXAMINATION BY MR. O'NEIL:

20        Q     Lieutenant Satriale, the officers

21 you mentioned who have been out for extended

22 periods of time, Officer Dorre, did he ever accept

23 command discipline for violating the department

24 sick leave policies and procedures?

25        A     No.

1      MR. LOVETT: Objection. It is

2      totally irrelevant. Here we go again

3      poisoning the record. Why don't you see if

4      you can put it in bold face and underline

5      it next time, Counsel.

6      MR. O'NEIL: There is an argument by

7      Counsel that he had no idea that this

8      policy and procedure was applicable, so

9      even if this evidence is offered to show

10     the ridiculousness of that argument, to

11     show that not only did he have knowledge

12     that this policy applied, but he had

13     accepted command discipline, which I

14     believe was the most serious command

15     discipline in the history of the

16     department up to that time, so for him to

17     make that argument that that has no

18     relevancy when his argument here is that

19     he didn't believe this applied, whether it

20     poisons the record or not, certainly the

21     relevancy of that outweighs the facts of

22     keeping it out. And why people would be

23     treated differently, if someone has

24     violated the policy, you are certainly

25     entitled to treat them differently than

1    someone who never violated the policy, so
2    I think this is extremely relevant to
3    examine why he was treated differently.
4    There is no question he was treated
5    differently. You know, people say you
6    discriminate.  Well, you are allowed to
7    discriminate if there is a reason to do
8    it, if you're a sick leave abuser or
9    offender rather than someone who never
10    violated the trust of getting these days,
11    getting paid for staying home, and taking
12    care of themselves as opposed to people
13    wandering around and the events
14    surrounding the initial discipline are
15    obviously very serious, and what he did in
16    that regard will come out through another
17    witness, but certainly the Board is
18    entitled to know that the reason Officer
19    Dorre may have been treated differently
20    than Officer Kempkes is because Officer
21    Dorre was never taking command discipline
22    for violating the same policy before.
23         MR. LOVETT: I appreciate that, even
24    though it is irrelevant.  We reserved our
25    rights to litigate in Federal Court, but

Redirect - Satriale                             244

1    as Counsel so eloquently stated, it is a

2    sort of sloppy attempt to articulate a

3    selective prosecution claim.  That is one

4    of our claims we advanced in Federal

5    Court. It is not for you folks to decide.

6    It is for a jury to decide what the

7    damages are going to be. So having

8    poisoned the well once again and telling

9    everybody that the poison is more than the

10   prejudice I congratulate Counsel. He

11   probably could not do more to damage the

12   record in this case than he already has

13   done, but I'm sure he will give it another

14   shot.

15           MR. O'NEIL: I didn't bring up

16   Officer Dorre, Officer Murray, or Officer

17   Panzarino, or Officer Mitchell. It was all

18   brought up on cross. I'm certainly

19   entitled to go into why they were treated

20   differently on redirect.

21           MAYOR MARVIN: I'm prepared to

22   overrule the objection.

23           MR. LOVETT: Incidentally, before

24   you do that, since Counsel announced what

25   my client got is the most serious

Redirect - Satriale                                      245

1     punishment ever meted out in the

2     department, you have to look behind that.

3     You have one officer who committed an

4     assault on a civilian, and guess what he

5     got, nothing.  Guess who was a witness,

6     the good Lieutenant Satriale. What he got

7     was nothing. False reports were filed.

8     Nobody got more serious punishment because

9     they were the good old fair-haired boys.

10          MR. O'REILLY: We have a ruling.

11     Can we have the Lieutenant, would you

12     answer the question, please? Do you need

13     to have it read back?

14          MR. O'NEIL: Do you need the

15     question read back?

16     A     No.  Did Dorre ever receive command

17   discipline, no.

18     Q     How about Officer Murray?

19     A     No.

20     Q     By the way, with regard to Officer

21   Murray, was his home ever visited with regard to

22   the utilization of sick leave?

23          MR. LOVETT: Objection, leading.

24          MR. O'NEIL: Yes, it's redirect.

25          MR. LOVETT: It's leading. It

1    absences?

2              A       Yes.

3              Q       What did he tell you?

4              A       Make sure he's home.  Continue to

5    check on him.

6              Q       Can officers in the department

7    check their e-mails from outside of the department

8    computers?

9              A       No.

10                     MR. LOVETT: Objection. There is no

11                     foundation that this witness has any

12                     competency to answer that. How does he

13                     know?

14                     MAYOR MARVIN: I'm prepared to

15                     overrule that objection.

16                     MR. LOVETT: Of course you are.

17                     (Whereupon the Board was polled.)

18                     MAYOR MARVIN: Objection overruled.

19                     Continue.

20              A       No, same answer.

21              Q       During any of the prior checks of

22    Officer Kempkes' home, prior to July 6th of 2006,

23    did you ever have any conversations with him with

24    regard to him being out on the deck or in his

25    backyard?

Redirect - Satriale                                    253

1          A      Yes.

2          Q      Can you tell us the circumstances

3    under which that arose?

4                 MR. LOVETT: Totally improper

5                 redirect. It doesn't come up remotely on

6                 cross.

7                 MR. O'NEIL: We spent 15 minutes on

8                 the deck, the back of the house.

9                 MAYOR MARVIN: I'm prepared to

10                overrule the objection.

11                MR. O'NEIL: Thank you.

12                (Whereupon the Board was polled.)

13                MAYOR MARVIN: Objection overruled.

14                MR. LOVETT: Before you get so

15                excited and overrule all the objections,

16                Ms. Mayor, there was no question about any

17                conversations about the deck or the porch

18                which my client referenced on direct or

19                cross examination. Why don't you just

20                disband what minimal rules of evidence

21                there are here so that Mr. O'Neil can ask

22                whatever he has to to try and catch up.

23                MR. O'NEIL: With all do respect, it

24                is not minimal rulings of evidence

25                applicable here. There are no rules of

1    evidence applicable in this hearing.

2    Certainly they apply when they help get

3    out the truth, but it is clear that the

4    rules of evidence do not apply.

5         MR. LOVETT: They won't be answered

6    in this kangaroo forum.  They will be

7    answered in Federal Court.

8         MR. O'NEIL: You can answer the

9    question. Do you remember it?

10   A     Yes.  There was a time when Officer

11   Kempkes did not answer the door at his home, and a

12   subsequent conversation I had with him where he

13   said he had been on the deck in the rear yard of

14   his home and he didn't hear the doorbell.

15        MR. O'NEIL: Can I ask that the

16   witness be shown Department's Exhibit 2?

17        (Whereupon, a document was handed

18   to the witness.)

19   Q     Could you turn to Article 4,

20   Subsection 4.1?

21        MR. LOVETT: Objection. This has no

22   bearing on cross-examination. It was not

23   the subject of direct. It's improper

24   redirect, but I'm sure that the Mayor will

25   be inclined to overrule my objection, just

1    as she has on almost every other major

2    point.

3           MR. O'NEIL: There is no question

4    yet, so I don't know what you are

5    objecting to.

6           MR. LOVETT: I'm objecting to the

7    subject matter. It is sort of obvious.

8           MR. O'NEIL: You spent almost --

9           MR. LOVETT: Do you think the

10   reporter can take us both down? Guess

11   again. It wasn't the subject of direct.

12   It's not the subject of cross.  It's

13   improper redirect.

14          MR. O'NEIL: There was, again, 20

15   minutes, at least, as to why he was

16   performing his supervisory duties by

17   spending time at Officer Kempkes'

18   residence as opposed to doing other things

19   that Mr. Lovett may have thought were more

20   important, so I think I'm entitled on

21   redirect to inquire as to that.

22          MAYOR MARVIN: I'm prepared to

23   overrule the objection.

24          (Whereupon the Board was polled.)

25          MAYOR MARVIN: Objection overruled.

**EXHIBIT 2**

VILLAGE OF BRONXVILLE
BOARD OF POLICE COMMISSIONERS
----------------------------------------x
IN THE MATTER OF DISCIPLINARY CHARGES
DATED AUGUST 21, 2006,


             - preferred against-



POLICE OFFICER THOMAS KEMPKES,

----------------------------------------x
                      177 Pondfield Road
                      Bronxville, New York
                      January 10, 2007
                      6:30 p.m.






            D I S C I P L I N A R Y    H E A R I N G






                CARBONE & ASSOCIATES, LTD.
                      Melissa Sasso
               111 North Central Park Avenue
                Hartsdale, New York  10530
                      (914) 684-0201



1   I don't know what relevancy they have to

2   the charges, or which involvement preceded

3   the suspension.

4          MR. O'REILLY: Mr. Lovett?

5          MR. LOVETT: He dropped his voice

6   and I couldn't hear the last melodic

7   strand of his statement.

8          MR. O'NEIL: The last melodic

9   strands?

10          MR. O'REILLY: Okay. Could you read

11  it back, please?

12          (Whereupon, the testimony was read

13  back by the reporter.)

14          MR. LOVETT: Well, the relevance is

15  that the Chief of Police violated my

16  client's right by suspending him without

17  pay. The Chief had no authority to do

18  that. It was only the power of the Village

19  Board of Police Commissioners who could

20  suspend without pay, and we intend to show

21  in our post hearing submission that the

22  Chief violated the law wholesale in

23  several respects, but I think it is

24  germane so you know what you are dealing

25  with here.

1          MR. O'NEIL: If in fact the

2     suspension did violate the law, Mr. Lovett

3     has read only one portion of the statute.

4     There are other provisions in that statute

5     which we believe authorized the Chief to

6     make the suspension, but if in fact there

7     is an allegation that that suspension was

8     illegal, it has nothing to do with this

9     proceeding. That would be a separate issue

10    that ought to be pursued, frankly, in

11    another form.

12          MR. LOVETT: It will be, but if you

13    like I can give you 5711-Q and $100.00

14    right here if you can find anything in

15    here where it says the Chief can suspend

16    any member without pay.

17          MAYOR MARVIN: I'm prepared to

18    overrule the objection.

19          (Whereupon the Board was polled.)

20          MAYOR MARVIN: All right, objection

21    overruled.

22          MR. LOVETT: Thank you.

23    Q     Now would you answer my question,

24    why did you change the status from suspended

25    without pay to suspended with pay?

**EXHIBIT 3**

STATE OF  NEW YORK                     UNITED STATES DISTRICT COURT SOUTHERN DISTRICT

DOCUMENTS SERVED WITH INDEX#:  07CIV.1298            AND FILED ON

| | |
|---|---|
| THOMAS KEMPKES<br><br>                                        Vs.<br><br>BRIAN M. DOWNEY, INDIVIDUALLY, ET AL | Plaintiff(s)/Petitioner(s)<br><br>Defendant(s)/Respondent(s) |

STATE OF:  NEW YORK                                                              )

                                                                                          )   SS

COUNTY OF WESTCHESTER                                               )

The undersigned deponent, being duly sworn deposes and says:  Deponent is not a party herein, is over 18 years of age and resides in the State of New York .  On_____4/9/2007_____ at _____7:00PM_____ , deponent did serve the within process as follows:

Process Served:   AMENDED SUMMONS AND FIRST AMENDED COMPLAINT, JUDGE'S RULES AND ELECTRONIC Filing Rules

Party Served:                                                                                                                (therein called
(recipient)

                          MARY C. MARVIN                                                                    therein   named.

At Location:      BRONXVILLE VILLAGE BOARD MEETING

                          201 PONDFIELD ROAD                                          APR 2 0 2007

                          BRONXVILLE NY

By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:

Sex   _FM_      Color of Skin   _WH_      Color of Hair                 _BROWN_

Age   _50_      Height   _5'2"_      Weight            _130_

            Other Features

Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed   HER was not.

Sworn to before me on _____4/12/2007_____

_Gail Williams_ (signature)                                                 _Joseph Vallone_ (signature)

                                                                                                Joseph Vallone

                                                                                                Server's License#:   _1100190_

                          GAIL WILLIAMS
                          Notary Public, State of New York
                          No. 4665052
                          Qualified in Westchester County
                          Commission Expires September 30, 2010

STATE OF NEW YORK                UNITED STATES DISTRICT COURT SOUTHERN DISTRICT

DOCUMENTS SERVED WITH INDEX#: 07CIV.1298            AND FILED ON

THOMAS KEMPKES                          Vs.                                    Plaintiff(s)/Petitioner(s)

BRIAN M. DOWNEY, INDIVIDUALLY, ET AL                                Defendant(s)/Respondent(s)

STATE OF: NEW YORK                                                    )        SS

COUNTY OF WESTCHESTER                                           )

The undersigned deponent, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in the State of New York . On_____4/9/2007_____ at _____6:55PM_____, deponent did serve the within process as follows:

Process Served:   AMENDED SUMMONS AND FIRST AMENDED COMPLAINT,JUDGE'S RULES AND ELECTRONIC Filing Rules therein named

Party Served:     GLENN D. BELLITO                                                    therein named.
(recipient)

At Location:      BRONXVILLE VILLAGE BOARD MEETING
                  201 PONDFIELD ROAD
                  BRONXVILLE NY

By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:

Sex    _M_    Color of Skin    _WH_    Color of Hair              _BLACK_

Age    _50_   Height    _5'10"_    Weight              _200_

       Other Features

Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed   HE was not.

Sworn to before me on _____4/10/2007_____

GAIL WILLIAMS

                                                              Joseph Vallone

                                                              Server's License#:  _1100190_

GAIL WILLIAMS
Notary Public, State of New York
No. 4665052
Qualified in Westchester County
Commission Expires September 30, 2010

STATE OF NEW YORK          UNITED STATES DISTRICT COURT SOUTHERN DISTRICT
DOCUMENTS SERVED WITH INDEX#: 07CIV.1298          AND FILED ON

| | | |
|---|---|---|
| THOMAS KEMPKES | | Plaintiff(s)/Petitioner(s) |
| | Vs. | |
| BRIAN M. DOWNEY, INDIVIDUALLY, ET AL | | Defendant(s)/Respondent(s) |

STATE OF: NEW YORK                                                    )          **SS**

COUNTY OF WESTCHESTER                                      )

The undersigned deponent, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in the State of New York . On_____4/9/2007_____ at _____6:58PM_____, deponent did serve the within process as follows:

Process Served: AMENDED SUMMONS AND FIRST AMENDED COMPLAINT,JUDGE'S RULES AND ELECTRONIC Filing Rules (therein called

Party Served: ROBERT J. UNDERHILL                                                    therein named.
recipient)

At Location:    BRONXVILLE VILLAGE BOARD MEETING
201 PONDFIELD ROAD
BRONXVILLE NY

By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

A description of the Defendant, or other person served, or spoken on behalf of the Defendant is as follows:

Sex: _M_          Color of Skin  _WH_          Color of Hair          _BROWN_

Age  _55_          Height    _6'3"_                Weight          _195_

Other Features

Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed  HE was not.

Sworn to before me on _____4/10/2007_____

_Gail Williams_                                    _Joseph Vallone_
                                                  Joseph Vallone
                                                  Server's License#:  _1100190_

GAIL WILLIAMS
Notary Public, State of New York
No. 4665052
Qualified in Westchester County
Commission Expires September 30

STATE OF  NEW YORK
DOCUMENTS SERVED WITH INDEX#:  07CIV.1298

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT
AND FILED ON

| | |
|---|---|
| THOMAS KEMPKES | Plaintiff(s)/Petitioner(s) |
| Vs. | |
| BRIAN M. DOWNEY, INDIVIDUALLY, ET AL | Defendant(s)/Respondent(s) |

STATE OF:  NEW YORK                                                    )     **SS**

COUNTY OF WESTCHESTER                                     )

The undersigned deponent,  being duly sworn deposes and says:  Deponent is not a party herein, is over 18 years of age and resides in the State of New York.  On _____ 4/9/2007 _____ at _____ 6:59PM _____ , deponent did serve the within process as follows:

Process Served:  AMENDED SUMMONS AND FIRST AMENDED COMPLAINT,JUDGE'S RULES AND ELECTRONIC Filing Rules (herein called)

Party Served:
(recipient)       ANNE W. POORMAN                                                                  therein  named.

At Location:     BRONXVILLE VILLAGE BOARD MEETING
                       201
                       BRONXVILLE NY

By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:

Sex  _FM_        Color of Skin  _WH_        Color of Hair                        _BLONDE_

Age  _45_         Height  _5'5"_                 Weight                 _130_

        Other Features

Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed   SHE was not.

Sworn to before me on _____ 4/10/2007 _____

_Gail Williams_                                                                _Joseph Vallone_

                                                                                     Server's License#:  _1100190_

GAIL WILLIAMS
Notary Public, State of New York
No. 4665052
Qualified in Westchester County
Commission Expires September 30, 2010

STATE OF  NEW YORK                    UNITED STATES DISTRICT COURT SOUTHERN DISTRICT

DOCUMENTS SERVED WITH INDEX#: 07CIV.1298          AND FILED ON

---

THOMAS KEMPKES                                                              Plaintiff(s)/Petitioner(s)

                                       Vs.

BRIAN M. DOWNEY, INDIVIDUALLY, ET AL                                        Defendant(s)/Respondent(s)

---

STATE OF:  NEW YORK                                      )
                                                         )  **SS**
COUNTY OF WESTCHESTER                                    )

The undersigned deponent, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in the State of New York . On_____4/9/2007_____at_____7:00PM_____, deponent did serve the within process as follows:

Process Served:
Party Served:   AMENDED SUMMONS AND FIRST AMENDED COMPLAINT,JUDGE'S RULES AND ELECTRONIC Filing Rules (herein called
recipient)                                                                                          therein named.
                WILLIAM H. BARTON

At Location:    BRONXVILLE VILLAGE BOARD MEETING
                201 PONDFIELD ROAD
                BRONXVILLE NY

                By delivering a true copy of each to said recipient personally; deponent knew the person served to be the
                person described as said person therein.

                A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:

                Sex   _M_    Color of Skin   _WH_    Color of Hair     _BROWN/BALD_

                Age   _50_   Height   _5'9"_    Weight       _175_

                      Other Features

                Deponent asked person spoken to whether the recipient was presently in military service of the United States
                Government or on active duty in the military service in the State of New York and was informed   HE
                was not.

Sworn to before me on _____4/10/2007_____                    _____
                                                                   Joseph Vallone
_____                         Server's License#:   _1100190_

                            GAIL WILLIAMS
                   Notary Public, State of New York
                            No. 4665052
                   Qualified in Westchester County
                Commission Expires September 30, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THOMAS KEMPKES,

                               Plaintiff,           **07 Civ 1298 (GAY)**

     -against-                           **AFFIDAVIT OF SERVICE**

BRIAN M. DOWNEY, individually, MARY C.
MARVIN, individually, GLENN D. BELLITO,
Individually, ROBERT J. UNDERHILL,
Individually, ANNE W. POORMAN, individually,
WILLIAM H. BARTON, individually, and the
VILLAGE OF BRONXVILLE, N.Y.,

                             Defendants.
------------------------------------------------------------x

       Ann Frank, being duly sworn says, I am not a party to the action, am over 18 years of age

and reside at Hartsdale, New York.

       On March 27, 2007, I served a true copy of the Amended Summons and First Amended

Complaint in the above captioned matter by mailing the same in a sealed envelope, with postage

prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of

New York, addressed to the last known address of the addressee(s) as indicated below:

TO:    Howard M. Miller, Esq. on behalf of Defendants Downey and the Village of Bronxville
       Bond Schoeneck & King, PLLC
       1399 Franklin Avenue
       Suite 200
       Garden City, New York 11530-1679

                                                 _Ann Frank_

Sworn to before me this
27th day of March, 2007

Notary Public

DRITA NICAJ
Notary Public, State of New York
No. 02NI6000376
Qualified in Putnam County
Commission Expires 12/15/20_09_

**EXHIBIT 4**

VILLAGE OF BRONXVILLE
POLICE DEPARTMENT

ORIGINAL

-----------------------------------------------------------x

In the Matter of Disciplinary Proceedings

        -against-

Police Officer Thomas Kempkes,

               Respondent.

-----------------------------------------------------------x

**ANSWER, RESERVATION OF
RIGHTS, AND DEMAND FOR
A PUBLIC HEARING**

     Respondent THOMAS KEMPKES, by his attorneys Lovett & Gould, LLP, for his

answer, reservation of rights, demand for a bill of particulars and demand for a public

hearing with respect to disciplinary charges dated August 21, 2006, states:

**RESERVATION OF RIGHTS**

    1. Pursuant to England v. Louisiana Board of Medical Examiners, 365 U.S. 411

(1964), Respondent hereby reserves for adjudication by jury trial in the United States

District Court for the Southern District of New York all federal civil rights claims that he

has with respect to Brian M. Downey, individually, and the Village of Bronxville, New

York for violations of his rights as guaranteed by reason of the First and Fourteenth

Amendments to the United States Constitution, 42 U.S.C. §1983.

**ANSWER**

    2. Denies each Charge and/or Specification.

1

## AFFIRMATIVE DEFENSE

3. Charge VIII, Specifications 2, 3, 4, 5, 6, 7, and 8 are time-barred and their inclusion in the instant disciplinary charges is calculatedly prejudicial and illegal.

## PUBLIC HEARING

4. Pursuant to Section 5711-q(9) of the Unconsolidated Laws of the State of New York demand is hereby made for a public hearing before the Village of Bronxville Board of Police Commissioners on the instant disciplinary charges.

WHEREFORE the charges should be dismissed.

Dated: White Plains, N.Y.
      August 21, 2006

LOVETT & GOULD, LLP
By: _____
      Jonathan Lovett
Attorneys for Respondent
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

2